**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ERICKA BOWENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-5407 |
| | ) | |
| v. | ) | |
| | ) | |
| EOS-USA, INC. and COLLECTO, INC., | ) | JURY TRIAL DEMANDED |
| d/b/a EOC CCA | ) | |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff, ERICKA BOWENS, through her attorneys, Potter Bolanos LLC, on behalf of herself and similarly-situated individuals, pursuant to the Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Law ("IMWL"), the Family and Medical Leave Act ("FMLA"), and 820 ILCS 112/10(b), and complains against Defendants, EOS-USA, INC. and COLLECTO, INC., d/b/a EOC CCA, as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.       This lawsuit arises under the FLSA and the IMWL, 820 ILCS 105, et seq. to recover overtime owed to Ms. Bowens and all similarly-situated individuals as a result of Defendants' failure to pay all owed regular and/or overtime wages to employees who earned commissions, and under the FMLA, 29 U.S.C. § 2601, et seq., and 820 ILCS 112/10(b) to address Defendants' termination of Ms. Bowens.

2.       In this suit, Ms. Bowens, on behalf of herself and all similarly-situated individuals (collectively referred to as "Plaintiffs"), seeks to address Defendants' failure to pay all overtime at the legally-mandated rate when employees earned commissions, in violation of the FLSA and IMWL. This suit also seeks to address Defendants' illegal termination of Ms. Bowens'

employment in retaliation for seeking to improve wages for herself and her co-workers and through interference with her rights under the FMLA.

## JURISDICTION AND VENUE

3.     This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over Ms. Bowens' and Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper under 28 U.S.C. §1391(b), as the facts that gave rise to this complaint occurred within this District.

## PARTIES

5.     Ms. Bowens was a full-time employee of Defendants who worked as a collection specialist.

6.     Ms. Bowens worked at Defendants' facility located at 8201 West 183rd Street, Tinley Park, Illinois.

7.     Defendants are, and were at all relevant times, corporations doing business within the state of Illinois, and across the United States and world, with well over fifty employees at all relevant times.

8.     Defendants were/are employers within the definition of the FMLA, FLSA, IMWL, and 820 ILCS 112/10(b).

9.     Defendants also employed individuals similarly-situated to Ms. Bowens in Massachusetts, Kentucky, Texas, and New York, among other potential locations in the United States within the relevant time period.

## FACTS

10.    On or about September 19, 2016, Ms. Bowens commenced employment with Defendants as a collection specialist. Her job duties included collecting delinquent accounts on behalf of Defendants' clients.

11.    The collection specialist position involved interacting with Defendants' computer systems and databases, spending considerable time on the phone with persons who owed money to Defendants' clients, and logging the results of such phone calls.

12.    Defendants paid Ms. Bowens by the hour plus non-discretionary commissions and bonuses based on the amount of debt she collected.

13.    Defendants also paid similarly situated Plaintiffs working as collection specialists, or similar titles, in their United States locations by the hour plus non-discretionary commissions and bonuses.

14.    Plaintiffs regularly worked more than 40 hours per week for Defendants.

15.    Defendants failed to adequately record all of Plaintiffs' work time, including but not limited to time spent booting up their computers and work-related software required to perform their job duties and handling client phone calls before Plaintiffs clocked in.[1]

16.    Defendants were or should have been aware that Plaintiffs were regularly and frequently working off the clock. Defendants suffered and/or permitted Plaintiff to work off-the-clock. Defendants also regularly rounded down Plaintiffs' work time to the lowest quarter hour, to their employees' detriment, even though they were capable of recording the exact time employees punched in and out.

---

[1] Defendants' are facing concurrent litigation for failing to compensate Plaintiffs for work performed "off the clock" in the suit *DiGiorgio v. EOS Holdings, Inc.*, Case No. 16-cv-11069 (Mass.), in which those plaintiffs' 29 U.S.C. § 216(b) motion for conditional certification of a collective action is currently pending.

17.     Despite Defendants' failure to record all of Plaintiffs' work time, Defendants regularly recorded that Plaintiffs worked more than forty hours per week.

18.     When Defendants paid Plaintiffs for overtime hours, they failed to include Plaintiffs' earned commissions and/or bonuses when computing the Plaintiffs' regular and overtime rates of pay, as required by state and federal law.

19.     Defendants, therefore, under-compensated Plaintiffs for the overtime Defendants' recorded and did not compensate Plaintiffs at all for the hours worked off the clock.

20.     Ms. Bowens at all times performed her job adequately and otherwise met Defendants' legitimate performance expectations.

21.     Ms. Bowens, in fact, received awards from Defendants because she performed her job at a high level.

22.     In about October 2017, Ms. Bowens, on behalf of herself and her co-workers, sent an email to the CEO to inform the Defendants that they did not believe they were paid fairly and requesting an opportunity to earn more wages, commissions, and/or bonuses. The email also sought to address concerns they had regarding the conditions of their workplace, including problems with the restroom and that the filthy carpet was affecting workers with allergies and/or asthma.

23.     Ms. Bowens had brought these issues to the attention of Defendants' management prior to sending the email to the CEO.

24.     Beginning on or about January 14, 2018, Ms. Bowens had to miss approximately five days of work due to the serious illness of her minor child.

25.     Ms. Bowens informed her supervisors of the need to take off work as soon as she could.

26.     When she returned to work on or about January 19, 2018 and provided a statement from a physician, a supervisor advised her that, "HR is concerned about your attendance."

27.     Also on or about January 19, 2018, one of Ms. Bowens' supervisors informed her that she had used an incorrect code to record one of her telephone calls related to Defendants' accounts and told her not to let it happen again.

28.     This type of alleged error was one that many of Ms. Bowens' co-workers made on a regular basis and one for which they did not receive discipline and/or were not terminated.

29.     Ms. Bowens had to leave work on January 19, 2018 to take her child to a doctor's appointment required for him to return to school. Defendants cleared Ms. Bowens to leave work.

30.     That same day, Defendants terminated Ms. Bowens' employment over the phone while she was at her child's doctor's appointment for the stated reason of a violation of company policy.

<u>**COUNT I**</u>
**Failure to Pay Overtime in Violation of the FLSA**
**Collective Action Allegations**

31.     Plaintiffs re-allege each of the paragraphs set forth above.

32.     Ms. Bowens brings Count I pursuant to 29 U.S.C. § 216(b)'s collective action provisions on behalf of a collective defined as follows:

> All persons who have been employed by Defendants as collection specialists and/or other similar positions at any time from August 8, 2015 through and including the present and until final resolution of the case who have not been all overtime wages at the rate of one and one-half times their regular rate (as defined by the FLSA) for all time worked over forty hours in individual work weeks.

33. Upon information and belief, the collective action members nationwide number in at least the several hundreds and may be in excess of 1,000. As such, a collective action is the most efficient mechanism for resolving the claims of the FLSA opt-in class.

34. Ms. Bowens and the members of the FLSA collective are similarly-situated because they perform similar job functions relating to collection of debts owed to Defendants' clients, were compensated on an hourly basis plus commissions/bonuses, and were not regularly paid for all of their work time due to the above described policies. Additionally, when overtime was paid, Ms. Bowens and members of the collective were paid at less than the required time and one-half rate of pay due to the Defendants' failure to include non-discretionary commissions/bonuses when it computed the regular and overtime rates of pay.

35. Ms. Bowens and the collective members were/are "employees for the purposes of 29 U.S.C. § 203(e).

36. Defendants were/are an "employer" of Ms. Bowens and the collective members for the purposes of 29 U.S.C. § 203(d).

37. Defendants were/are aware of the duties performed by Ms. Bowens and the collective, that they were not exempt from the FLSA's overtime provisions, and that they had an obligation to pay overtime at a rate of at least time and one-half for hours worked over forty.

38. The FLSA requires every covered employer, including Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek and to otherwise pay for all hours worked.

39. The FLSA requires that the regular rate of pay include all remuneration for employment to or on behalf of the employee, including non-discretionary bonuses and commissions.

40. Ms. Bowens and the collective members were/are regularly uncompensated for hours that they actually worked due to Defendants' policies and were regularly paid less overtime that statutorily required, all in violation of the FLSA.

41. Defendants' violation of the FLSA is willful, repeated, and intentional in that Defendants knew, required, approved and/or suffered or permitted Plaintiffs to work at less than the required overtime and wage rates of pay. Defendants' conduct was in reckless disregard of Plaintiffs' statutory rights.

42. Ms. Bowens and the collective members were/are harmed by Defendants' actions in that they have not received wages due and owing under the FLSA.

43. By the filing of this Collective and Class Action Complaint, Ms. Bowens hereby gives her consent to sue under the FLSA, 29 U.S.C. § 216(b). It is anticipated that upon notice, or otherwise, additional similarly-situated individuals will sign Consent to Sue forms and join as plaintiffs in the future.

**WHEREFORE**, Ms. Bowens, on behalf of herself and the FLSA collective, respectfully requests judgment in their favor and for relief as follows:

A. Require Defendants to provide the names, addresses, and email addresses of the FLSA collective members from Defendants' employment records;

B. Designation of this action as a collective action on behalf of the FLSA opt-in class and issuance of pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. 216(b), issued by First Class Mail, email, and posting in the offices in which collective members work;

C.   Designation of the Ms. Bowens as the representative of the FLSA collective;

D.   A declaratory judgment that the practices that form the basis for this count of the complaint are unlawful under the FLSA;

E.   An award of back pay equal to the amount of all unpaid regular and overtime compensation;

F.   A finding that Defendants' conduct alleged herein to be been willful, and award compensation for the three years prior to the filing of this action;

G.   An award of liquidated damages equal to the amount of all unpaid overtime compensation;

H.   Costs of the action incurred, including expert fees;

I.   Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

J.   Pre- and post-judgment interest; and

K.   All other relief, whether equitable or legal, as this Court deems necessary, just and proper.

## COUNT II
### Failure to Pay Overtime in Violation of the IMWL
### Class Action Allegations

44.   Plaintiffs re-allege each of the paragraphs set forth above.

45.   With respect to the IMWL claims, Ms. Bowens seeks to represent a class that is

comprised of and defined as follows:

> All persons who have been employed by Defendants as collection specialists and/or other similar positions at any time from August 8, 2015 through and including the present and until final resolution of the case who have not been all overtime wages at the rate of one and one-half times their regular rate for all time worked over forty hours in individual work weeks (herein "IMWL Class").

46.   This action is brought as a class action pursuant to Federal Rule of Civil

Procedure 23.

47.     Plaintiffs believe Defendants have employed hundreds of persons who have been subject to Defendants' common unlawful pay practices during the class period defined above.

48.     The IMWL Class is so numerous that joinder of all class members is impracticable.

49.     Ms. Bowens and the members of the IMWL Class have been equally affected by Defendants' failure to pay all overtime and/or regular wages.

50.     The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations, if any, that may exist between the members of the class.

51.     Ms. Bowens and the IMWL Class have a commonality of interest in the subject matter of this suit and the remedies sought.

52.     Ms. Bowens is able to fairly and adequately represent and protect the interests of the IMWL Class.

53.     Plaintiffs' counsel is competent and experienced in litigating large wage and hour and other employment actions.

54.     If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the IMWL Class, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

55.     Under the Illinois Minimum Wage Law, 820 ILCS 105/4, Defendants were required to pay Plaintiffs at least the minimum wage for all regular hours worked.

56.     Under the IMWL, 820 ILCS § 105/4(a), Defendants were and are required to compensate employees at a rate of time and one-half their regular rate of pay for overtime hours, i.e., hours worked in excess of forty in a workweek.

57.     Defendants regularly failed to compensate Plaintiffs and other class members at the overtime rates of pay required by the IMWL for time in which they were required to be on duty, as set forth above.

58.     Defendants were aware of, required, suffered and permitted Plaintiffs and the class to work at rates of pay less than those required by the IMWL.

59.     Defendants' conduct complained of herein was willful and intentional, in that Defendants knew, required, approved and/or suffered or permitted Plaintiffs to work hours at rates of pay less than those required by the IMWL.

60.     As a result of Defendants' willful violation of the IMWL, Plaintiffs have been damaged in that they have not received minimum and overtime wages due and owing pursuant to the IMWL.

**WHEREFORE,** Ms. Bowens, on behalf of herself and the IMWL Class, respectfully requests judgment in their favor and for relief as follows:

A.     Designation of Ms. Bowens as the representative of the IMWL Class;

B.     A declaratory judgment that the practices that form the basis for this count of the complaint are unlawful under the IMWL;

C.     An award of back pay equal to the amount of all unpaid regular and overtime compensation;

D.     An award of 2% of the amount of underpayments for each month following the date of payment during which such underpayment remains unpaid pursuant to 820 ILCS § 105/12;

E.     Attorneys' fees and costs of this action pursuant to 820 ILCS § 105/12(a);

F.      Pre- and post-judgment interest; and

G.      All other relief, whether equitable or legal, as this Court deems necessary, just and proper.

**COUNT III**
**Interference with Ms. Bowens' FMLA Rights**

61.      Ms. Bowens re-alleges each of the paragraphs set forth above.

62.      Ms. Bowens brings this Count against Defendants pursuant to 29 U.S.C. § 2615(a)(1) and 29 U.S.C. § 2617.

63.      Defendants are "employers" within the meaning of the FMLA, 29 U.S.C. § 2611.

64.      Ms. Bowens was entitled to FMLA leave because of her need to care for her child who had a serious health condition within the meaning of the FMLA, 29 U.S.C. § 2611(11).

65.      Ms. Bowens was an FMLA-eligible employee and utilized absences for reasons appropriate and permitted under the FMLA, and Defendants were aware of the same.

66.      Defendants' conduct described herein, including terminating Ms. Bowens' employment upon taking FMLA leave, constitutes interference with Plaintiff's rights under the FMLA.

67.      Defendants acted in reckless disregard of her FMLA rights and their conduct constitutes a willful violation of the FMLA.

68.      Defendants' conduct caused and continues to cause Ms. Bowens to suffer damages and other harm, including but not limited to, lost wages, lost benefits, and consequential damages.

**WHEREFORE**, Ms. Bowens respectfully requests judgment in her favor and for relief as follows:

A.      Enter judgment finding that Defendant unlawfully interfered with Plaintiff's exercise of her FMLA rights;

B.      Reinstate Plaintiff to her previous position or award front pay;

C.      Award Plaintiff her lost wages, value of lost benefits and other monetary losses caused by Defendant's unlawful termination of her employment;

D.      Award Plaintiff an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

E.      Award Plaintiff reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. § 2617(a)(3); and

F.      Such other relief as this Court deems just and appropriate.

**COUNT IV**
**Violation of 820 ILCS 112/10(b)**

69.     Ms. Bowens re-alleges each of the paragraphs above.

70.     After Ms. Bowens sent an e-mail to Defendants' CEO protesting the low wages paid to her and to other similarly situated employees in October 2017, Defendants' management expressed their displeasure at the complaint to Ms. Bowens.

71.     Defendant terminated Ms. Bowens' employment within three months of her complaint for a pretextual reason.

72.     820 ILCS 112/10(b) provides that employers may not terminate or retaliate against an employee for making a good faith complaint about low wages.

**WHEREFORE**, Ms. Bowens respectfully requests judgment in her favor and for relief as follows:

A.      Enter an Order finding that Defendant violated 820 ILCS 112/10(b);

B.      All lost wages and value of lost benefits caused by the unlawful termination;

C.      Reinstating Ms. Bowens into her previous or a comparable position or awarding front pay;

D.      Compensatory and punitive damages in an appropriate sum; and

E.      Reasonable attorney fees and costs of this action.

**Plaintiff demands trial by jury.**

Respectfully submitted,

POTTER BOLAÑOS LLC


/s/ Robin Potter
One of Plaintiffs' Attorneys

Robin Potter, Esq.
M. Nieves Bolaños, Esq.
Patrick Cowlin, Esq.
Potter Bolaños LLC
111 East Wacker Drive - Suite 2600
Chicago, Illinois 60601
(312) 861-1800
robin@potterlaw.org
nieves@potterlaw.org
patrick@potterlaw.org