IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICKA BOWENS, | |
| Plaintiff, | |
| v. | No. 18-cv-05407 |
| EOS-USA, INC. and COLLECTO, INC. d/b/a EOS CCA, | Judge Franklin U. Valderrama |
| Defendants. | |

**Order of Final Approval of Class Action Settlement**

Plaintiff Ericka Bowens (herein "the Class Representative") has requested that the Court enter an order approving the settlement of this Litigation as stated in the Collective and Class Action Settlement Agreement and Exhibits thereto ("Settlement" or "Settlement Agreement") (Doc. 114-3), setting forth the terms and conditions for a proposed settlement and dismissal of the Litigation. The parties appeared for a final approval hearing before the court on August 10, 2021, and the Court has reviewed Plaintiff's Memorandum in Support of Final Approval of Settlement and other related materials submitted by the parties, has considered the parties' presentations at the Final Approval hearing, and is otherwise fully informed in the premises:

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. The Court has jurisdiction over the subject matter of this action and the settlement pursuant to 28 U.S.C. §§1331 and 1367.

2. In its Preliminary Approval Order, the Court certified a Settlement Class pursuant to Federal Rule of Civil Procedure 23 that was defined as follows:

> all persons who have been employed by Defendants as collection specialists and/or other similar positions at any time from August 8, 2015 through and including December 31, 2018 in Illinois, and who are listed on the Illinois class list which will be comprised of the individuals included in the data Defendants provided for settlement negotiations and listed on the Excel sheet produced by Defendants in this matter and attached hereto [to the Settlement Agreement] as Exh. A [to the Settlement Agreement].

Doc. 120, ¶6. In that Order, the Court also certified a FLSA collective pursuant to Section 216(b) of the FLSA defined as follows:

> all persons who have been employed by Defendants as collection specialists and/or other similar positions at any time from August 8, 2015 through and including December 31, 2018 in U.S. sites other than Illinois, and who are listed on the class list (Exhibit B [to the Settlement Agreement]), which will be comprised of the individuals included in the data Defendants provided for settlement negotiations and on the attached Excel sheet produced by Defendants in this matter, and who opt in to the settlement by signing a check and release.

Doc. 120, ¶11.

3. The Court finds that the above-defined Settlement Class and Settlement Collective continue to satisfy the requirements of Fed. R. Civ. P. 23(a)(1)-(4) and (b)(3) and Section 216(b) of the FLSA for the reasons set forth in the Preliminary Approval Order. Accordingly, the Court finally certifies this Class and this Collective for purposes of settlement of this action.

4. The Notice of Class Action Settlement ("Class Notice") sent to the members of the Rule 23 Settlement Class ("Class Members") by the Claims Administrator by First Class U.S. Mail adequately informed Class Members of the terms of the Settlement Agreement, their estimated recovery, their right to request

an exclusion from the settlement, and their opportunity to file written objections and appear and be heard at the final approval hearing. The Class Notice also adequately informed the Rule 23 Class Members of how to contact Class Counsel or the Claims Administrator to request additional information. The Court finds that the Notice satisfies that requirements of Rule 23(c)(2)(B) and Rule 23(e)(1).

5. The Court finds that two (2) of the two hundred twenty (220) Rule 23 Class Members -- Eshelle Butler and Elisa Reid -- have requested to be excluded from the Settlement Class, and that no Class Member objected to the Settlement Agreement. Accordingly, Ms. Butler and Ms. Reid are hereby excluded from the Settlement Class pursuant to their request.

6. Simpluris, located in Costa Mesa, California, has administered the settlement, with the assistance of Class Counsel. The Court approves the plan of allocation of the Settlement Fund proposed by Class Counsel and the Claims Administrator. The Court finds that the proposed allocation is based on the claims and evidence in this suit and treats class members equitably relative to one another based on the amount of overtime they worked during the relevant time period and their respective rates of pay.

7. The Court approves the Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate to all Class and Collective Members. The Court finds that the strength of Plaintiffs' case on the merits, weighed against Defendants' defenses and the complexity, length, and expense of further litigation, support approval of the Settlement. The Settlement Amount of $195,000.00 as set

3

forth in the Settlement Agreement, is a fair, reasonable, and adequate settlement of the claims. The Settlement was reached pursuant to arm's-length negotiations between the Parties and has the support of Class Counsel and Counsel for Defendants. Class Counsel have significant experience representing parties in complex class actions, including those involving wage and hour claims. No objections to the Settlement were made by the Class Members, and this fact likewise supports approval. Finally, the litigation has progressed to a stage where the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

8. The Court approves the service payment of $6,000.00 for the Class Representative Ericka Bowens. The Court finds that Ms. Bowens made important and necessary contributions to the litigation and her efforts were essential to the litigation and helped produce the settlement for the Class as a whole.

9. Class Counsel are awarded attorneys' fees and costs in an amount equal to one-third of the Settlement Fund, or Sixty-Five Thousand and 00/100 Dollars ($65,000.00). All costs and expenses of the litigation, from its inception through the date of entry of this Order shall be paid from this amount, except for costs of administration of the settlement to Simpluris in the amount of $15,449.00, of which the parties have agreed that $4,808.00 shall be paid by Defendants separately from the Settlement Fund and $10,641.00 shall be paid from the Settlement Fund.

10. The terms of the "Collective and Class Action Settlement Agreement" (Doc. 114-3) executed between the parties are embodied in this order and judgment

4

and are herein incorporated by reference in accordance with those conditions espoused by the United States Supreme Court in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *see Singer v. Charles R. Feldstein & Co., Inc.*, 2015 WL 6756268, at *2 (N.D. Ill. Nov. 4, 2015). To that end, the parties stipulated and agreed that this Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the settlement in Paragraph 9 of the "Collective and Class Action Settlement Agreement." However, the Court will only retain such jurisdiction while this case is dismissed without prejudice, as further explained in paragraph 11.

11. Therefore, pursuant to Paragraph 7(H) of the Settlement Agreement, the Court dismisses this matter without prejudice as of this date. This dismissal will convert to a dismissal with prejudice after 134 days following this Order pursuant to Paragraph 7(H) of the Settlement Agreement. During the period of time that this case is dismissed without prejudice and before the case is dismissed with prejudice, the Court will retain jurisdiction over this matter for purposes of implementing and enforcing the Settlement Agreement (Doc. 114-3) which is embodied and expressly incorporated in full in this Order, as set forth in Paragraph 10 above. Once this case is dismissed with prejudice, the Court will not have jurisdiction to enforce the Settlement Agreement. *See Natkin v. Winfrey*, 2015 WL 8484511, at *2 (N.D. Ill. Dec. 8, 2015) ("The Seventh Circuit has declared in no uncertain terms: '[W]hen a suit is dismissed with prejudice, it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal merely by stating that it is

retaining jurisdiction.'") (quoting *Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007)).

12. The Parties agree that the cy pres beneficiary under the Settlement Agreement is the National Employment Law Project, not The Employee Rights Advocacy Institute for Law and Policy. Plaintiff's counsel shall upload a copy of this Order to its website no later than August 18, 2021 to make visitors to its website aware that the cy pres beneficiary is the National Employment Law Project.

Dated: August 10, 2021

_____
United States District Judge
Franklin U. Valderrama